IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES GOODRIDGE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| HEWLETT-PACKARD COMPANY | § | 4:08-cv-01164 |
| | § | |
| Defendant | § | |

### DEFENDANT'S AFFIRMATIVE DEFENSES AND ORIGINAL ANSWER
### TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Comes now Hewlett-Packard Company, Defendant herein, and files its Affirmative Defenses and Original Answer to Plaintiff's Original Collective Action Complaint and would respectfully show the Court as follows:

### I.
### AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred, in whole or in part, because at all relevant times, Plaintiff and others allegedly similarly situated were exempt from any entitlement to overtime compensation.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff and others allegedly "similarly situated" have not sustained any injury or damage by reason of any act or omission of Hewlett-Packard Company.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, res judicata, offset, and/or set-off.

5.      Plaintiff's claims are not appropriate for collective action treatment because each claim requires a highly individualized factual inquiry, *i.e.* not "similarly situated," and as such, is antithetical to collective action treatment.

6.      To the extent that Plaintiff and others allegedly "similarly situated" were paid compensation beyond that to which they were entitled while employed by Hewlett-Packard Company, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

7.      Hewlett-Packard Company's failure to pay overtime wages, although such is not admitted and is expressly denied, was made in good faith and in conformity with and in reliance on applicable regulations, advisory opinions, and interpretations of the Wage and Hour Division of the United States Department of Labor.

8.      If Hewlett-Packard Company's failure to pay Plaintiff overtime wages was unlawful, although such is not admitted and is expressly denied, Plaintiff and others allegedly "similarly situated" have not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

9.      If Hewlett-Packard Company's failure to pay overtime was unlawful, although such is not admitted and is expressly denied, none of Hewlett-Packard Company's actions constituted a willful violation of the FLSA.

**II.**
**ANSWER**

Subject to the foregoing Affirmative Defenses, and without waiving same, Defendant pleads as follows to the specific allegations of the Original Complaint:

10.     Defendant admits that Plaintiff brings this case as a collective action pursuant to the FLSA as alleged in Paragraph 1 of Plaintiff's Original Complaint, but Defendant denies it has

violated any provisions of that statute and denies that Plaintiff or any other individual is entitled to any relief pursuant to that statute.

11.     Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Original Complaint, and denies that he or any others are entitled to the relief sought therein or that Plaintiff and any others are similarly situated.

12.     Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Original Complaint, and denies that he or any others are entitled to any relief as sought in the Complaint or that Plaintiff and any others are similarly situated.

13.     With regard to the allegations contained in Paragraph 4 of Plaintiff's Original Complaint, Defendant admits that Plaintiff brings this case pursuant to the FLSA and that this Court has jurisdiction over such claims, however, Defendant denies that it has violated any provisions of that statute and denies that Plaintiff or any other individual is entitled to any relief pursuant to that statute.

14.     With regard to the allegations contained in Paragraph 5 of Plaintiff's Original Complaint, Defendant admits that venue is proper in the United States District Court for the Southern District of Texas, however, Defendant denies that it has engaged in any unlawful practices and denies that its principal place of business is Texas.  Defendant further denies that this matter should properly proceed in this Court; Defendant has pending at this time a Motion to Consolidate this case with Civil Action No. 4:07-CV-04162 before the Court to which that matter was assigned.

15.     Defendant is without sufficient information to admit or deny this allegation, therefore it is denied.

16.     Defendant admits the allegations contained in Paragraph 7 or Plaintiff's Original Complaint.

17.     Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Original Complaint to the extent it is an "employer" within the meaning of the FLSA, however, Defendant denies that it has violated any provisions of that statute.

18.     Defendant admits the allegations contained in Paragraph 9 or Plaintiff's Original Complaint to the extent it has "operated an enterprise" within the meaning of the FLSA, however, Defendant denies that it has violated any provisions of that statute.

19.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Original Complaint to the extent it has "operated an enterprise" within the meaning of the FLSA, however, Defendant denies that it has violated any provisions of that statute.

20.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

21.     With regard to the allegations contained in Paragraph 12 of Plaintiff's Original Complaint, Defendant admits that Plaintiff files this case as an opt in collective action pursuant to 29 U.S.C. Section 216(b), however, Defendant denies that it has violated the FLSA in any respect and further denies that there is any basis for the certification of any collective action pursuant to the FLSA.

22.     With regard to the allegations contained in Paragraph 13 of Plaintiff's Original Complaint, Defendant admits that Plaintiff seeks to represent a group of employees as described therein, however, Defendant denies that it has violated the FLSA in any respect and further denies that there is any basis for the certification of any collective action pursuant to the FLSA. Defendant further denies that Plaintiff's title was "Information Technology and Operations."

23.     With regard to the allegations contained in Paragraph 14 of Plaintiff's Original Complaint, Defendant admits that Plaintiff seeks to represent a group of employees described in the Complaint, however, Defendant denies that it has violated the FLSA in any respect and further denies that there is any basis for the certification of any collective action pursuant to the FLSA and denies that notice to the proposed employees claimed to be "similarly situated" is appropriate.

24.     With regard to the allegations contained in Paragraph 15 of Plaintiff's Original Complaint, Defendant denies that it has violated the FLSA in any respect and further denies that there is any basis for the certification of any class pursuant to the FLSA.

25.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

26.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

27.     Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Original Complaint, however, Defendant denies that it has violated the FLSA in any respect and further denies that there is any basis for the certification of any class pursuant to the FLSA.

28.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Original Complaint.

29.     Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

30.     Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

31.     Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Original Complaint.

32.     Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

33.     With regard to the allegations contained in Paragraph 24 of Plaintiff's Original Complaint, Defendant admits only that this is a partial description of some of the duties performed by Plaintiff, however, it is not a complete or thorough description and, therefore, Defendant denies the allegations in this paragraph to the extent they are represented to be a thorough description of his job duties and responsibilities.

34.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Original Complaint.

35.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

36.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Original Complaint.

37.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Original Complaint.

38.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Original Complaint.

39.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Original Complaint.

40.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Original Complaint.

41.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

42.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Original Complaint.

43.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Original Complaint.

44.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Original Complaint.

45.     Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Original Complaint.

46.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Original Complaint.

47.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Original Complaint.

48.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

49.     With regard to the allegations contained in Paragraph 40 of Plaintiff's Original Complaint, each and every admission and denial contained in the foregoing paragraphs is realleged as if fully rewritten herein.

50.     Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Original Complaint.

51.     Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Original Complaint and denies that it has improperly compensated Plaintiff.

7

52.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Original Complaint.

53.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Original Complaint.

54.     Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Original Complaint.

55.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Original Complaint.

56.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Original Complaint.

57.     With regard to the allegations contained in Paragraph 48 of Plaintiff's Original Complaint, Defendant realleges the foregoing admissions and denials as if fully rewritten herein.

58.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Original Complaint.

59.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Original Complaint.

60.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Original Complaint.

61.     Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Original Complaint.

62.     Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Original Complaint.

63.     Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Original Complaint.

64.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Original Complaint.

65.     Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Original Complaint.

66.     With regard to the allegations contained in Paragraph 57 of Plaintiff's Original Complaint, and without admitting that any damages exist, Defendant states that to the extent damages exist, they are individual in character.   Defendant denies the remaining allegations contained in Paragraph 57 of Plaintiff's Original Complaint.

67.     Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Original Complaint.

68.     With regard to the allegations contained in Paragraph 59 of Plaintiff's Original Complaint, Defendant realleges the foregoing admissions and denials as if fully rewritten herein.

69.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Original Complaint.

70.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Original Complaint.

71.     With regard to the allegations contained in Paragraph 62 of Plaintiff's Original Complaint, Defendant realleges the foregoing admissions and denials as if fully rewritten herein.

72.     Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Original Complaint.

73.     With regard to the allegations contained in Paragraph 64 of Plaintiff's Original Complaint, Defendant admits that Plaintiff has demanded a trial by jury, however, Defendant denies any liability in this matter.

74.     Defendant denies that Plaintiff is entitled to any of the relief he seeks in his Prayer for Relief, including subparagraphs (a) through (g).

Respectfully submitted,

/s/ Nancy L. Patterson
Nancy L. Patterson
State Bar No. 15603520
Federal ID No. 10221
A. John Harper III
State Bar No. 24032392
Federal ID No. 577124
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 16th day of June, 2008, a true and correct copy of the foregoing via the court's CM/ECF system and certified mail, return receipt requested to:

Mr. Trang Q. Tran
Mr. Andrew H. Iwata
440 Louisiana, Suite 720
Houston, Texas 77002

/s/ Nancy L. Patterson
Nancy L. Patterson